OPINION
{¶ 1} Appellant Johnny W. Johnson appeals his conviction and sentence entered on December 7, 2006, in the Licking County Court of Common Pleas on one count of felonious assault.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On February 7, 2007, Appellant Johnny W. Johnson pled no contest to one count of felonious assault as a felony of the second degree. Following the execution of a form entitled Admission of Guilt/No Contest, the trial court engaged in the following colloquy with Mr. Johnson:
 {¶ 4} "Q. You understand by entering a plea of no contest today that you're waiving or giving up certain of your rights; do you understand that?
 {¶ 5} "A. Yes, sir.
 {¶ 6} "Q. And did your attorney explain those rights to you?
 {¶ 7} "A. Yes, sir, he did.
 {¶ 8} "Q. Included among some of the rights you are giving up, do you understand you're giving up the right to stand on your plea of not guilty and giving up the right to have a trial by jury or a trial to the Court?
 {¶ 9} "A. Yes, sir.
 {¶ 10} "Q. Giving up the right to have the State prove your guilt beyond a reasonable doubt?.
 {¶ 11} "A. I understand that. *Page 3 
 {¶ 12} "Q. Giving up the right to require your accusers to appear before you and to confront you with the evidence they have, and giving up the right to cross-examine those accusers?
 {¶ 13} A. Yes, sir.
 {¶ 14} "Q. Giving up the right to have the Court compel or subpoena witnesses to appear and testify in your behalf and in your defense?
 {¶ 15} "A. Yes, sir.
 {¶ 16} "Q. Finally, you're giving up the right to testify if you want to at your trial, or the right to refuse to testify if you do not want to, and that refusal would have no bearing on your guilt or innocence; do you understand that?
 {¶ 17} "A. Yes, sir.
 {¶ 18} "Q. Are you waiving all of these rights and asking this Court to accept your plea of no contest?
 {¶ 19} "A. Yes, sir.
 {¶ 20} "Q. Do you understand that a plea of no contest does not admit your guilt but does set forth the facts in the indictment against you as it relates to Count 1?
 {¶ 21} "A. Yes, Your Honor.
 {¶ 22} "Q. And if I accept your no contest plea and there is a factual basis presented that the Court accepts, you will be found guilty; do you understand that?
 {¶ 23} "A. Yes, sir.
 {¶ 24} "Q. And did your attorney explain that to you as well?
 {¶ 25} "A. Yes, sir, he did. *Page 4 
 {¶ 26} "Q. At this time, I am going to ask the assistant prosecutor to present the facts of the State's case against you. I want you to listen to what he is saying. I am going to ask you whether you agree with the facts as presented. Before you answer, you may consult with your attorney.
 {¶ 27} "Q. Mr. Johnson, do you agree with those facts?
 {¶ 28} "A. Yes, sir.
 {¶ 29} "Q. And have you discussed these facts fully and completely with your attorney?
 {¶ 30} "A. Yes, sir.
 {¶ 31} "Q. And has your attorney advised you of all possible defenses and all motions that could be filed in your behalf?
 {¶ 32} "A. Yes, sir.
 {¶ 33} "Q. And are you satisfied with your attorney?
 {¶ 34} "A. Yes, sir.
 {¶ 35} "Q You understand that no one can force you to change your plea today?
 {¶ 36} "A. Yes, sir.
 {¶ 37} "Q And are you changing your plea freely and voluntarily?
 {¶ 38} "A. Yes, sir.
 {¶ 39} "Q. Knowing what your rights are?
 {¶ 40} "A. Yes.
 {¶ 41} "Q. Knowing what the penalties are?
 {¶ 42} "A. Yes, sir. *Page 5 
 {¶ 43} "Q. Did your attorney advise you of the penalties?
 {¶ 44} "A. Yes, sir.
 {¶ 45} "Q. And you understand those?
 {¶ 46} "A. Yes, sir.
 {¶ 47} "Q. Have there been any promises made to you in order to get you to change your plea today other than the dismissal of Count 2?
 {¶ 48} "A. No, sir.
 {¶ 49} "Q. Any threats of any kind?
 {¶ 50} "A. No, sir.
 {¶ 51} "Q. Any plea negotiations of any kind with regard to the sentence?
 {¶ 52} "A. No, sir.
 {¶ 53} "Q. You understand it's up to the Court and I've made no commitment?
 {¶ 54} "A. Correct.
 {¶ 55} "Q. Your attorney explained that to you?
 {¶ 56} "A. Yes, sir.
 {¶ 57} "Q. Are you in good health at this time?
 {¶ 58} "A. Yes, sir.
 {¶ 59} "Q. Take any medication?
 {¶ 60} "A. No, sir.
 {¶ 61} "Q. Have you consumed any alcohol or drugs before coming here today?
 {¶ 62} "A. No, sir. *Page 6 
 {¶ 63} "Q. Are you on probation or parole or community control or postrelease control out of any other court for any other charges?
 {¶ 64} "A. No, sir.
 {¶ 65} "Q. Do you want me to accept your plea of no contest?
 {¶ 66} "A. Yes, sir.
 {¶ 67} "Q. Understanding that since there has been a factual basis presented, you will be found guilty?
 {¶ 68} "A. Yes, sir.
 {¶ 69} "The Court: The Court finds that the plea is freely, voluntarily, and understandingly made. The defendant is satisfied with his attorney. The Court allows the defendant to withdraw his previously entered plea of not guilty, and the Court accepts the plea of no contest. The Court further finds that there has been a factual basis presented; that the defendant agrees with the facts as presented; therefore, the defendant is found guilty as charged." (T. at 6-13).
 {¶ 70} The trial court sentenced Appellant to eight years incarceration with three years post-release control. (T. at 35-36).
 {¶ 71} A Judgment Entry of sentencing was docketed on February 7, 2007.
 {¶ 72} It is from this judgment entry that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 73} "I. THE TRIAL COURT FAILED TO SUBSTANTIALLY COMPLY WITH R.C.2943.032 AND CRIM.R. 11(C) WHEN IT DID NOT INFORM APPELLANT ABOUT THE MAXIMUM PENALTIES ASSOCIATED WITH HIS NO CONTEST PLEA, *Page 7 
INCLUDING THE MANDATORY IMPOSITION OF A PERIOD OF POST-RELEASE CONTROL AND THE POSSIBLE CONSEQUENCES FOR A VIOLATION OF THE CONDITIONS OF POSTRELEASE CONTROL. THIS FAILURE PREVENTED A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA AND DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION."
 I. {¶ 74} In his sole assignment of error, Appellant argues that his no contest plea was invalid and that such plea did not substantially comply with the requirements of R.C. 2943.031 and Crim.R. 11. We agree.
 {¶ 75} In a recent case, the Ohio Supreme Court stressed the difference between failure to inform, and misinforming, a criminal defendant about post-release control at a plea hearing:
 {¶ 76} "The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a)."State v. Sarkozy, Slip Opinion No. 2008-Ohio-509,
 {¶ 77} The Supreme Court went on to hold: *Page 8 
 {¶ 78} "Accordingly, we hold that if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause." Id.
 {¶ 79} Upon review of the transcript of the sentencing hearing as set forth above, this Court finds that in addition to failing to inform Appellant as to the maximum penalties for felonious assault, the trial court failed to advise Appellant that the sentence would include a mandatory term of postrelease control.
 {¶ 80} Appellant's sole assignment of error is therefore sustained.
 {¶ 81} Appellant's sentence is hereby vacated and the case is remanded for the limited purpose of re-sentencing Appellant to include properly advising him of the maximum penalties which could be imposed and the consequences of post-release control violations.
 Wise, J. Gwin, J., and Hoffman, P. J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs assessed to Appellee. *Page 1